

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

KENNETH A. NOVIKOFF
PARTNER
(516) 357-3110
ken.novikoff@rivkin.com

December 9, 2019

**VIA ECF**
Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

        Re:   Dino Antolini v. 75 & 81 Orchard Associates LLC, et al.
              Docket No. 1:19-cv-05894 (LGS)

Dear Judge Schofield:

      The law firm of Rivkin Radler, LLP represents Erwin Schrottner, Andrew Chase, and Graz Restaurant LLC ("Defendants"). Stuart Finkelstein, Esq. represents that he is counsel to the Plaintiff, Mr. Dino Antolini. Defendants submit this correspondence in opposition to Mr. Finkelstein's brief written communication dated December 6, 2019 asking Your Honor to "rescind" the November 26, 2019 Order. ("Order"). Dkt. No. 48.[1]

      Defendants request that Your Honor reject Mr. Finkelstein's application and treat it as a nullity. Succinctly, for the reasons explained below, Defendants view Mr. Finkelstein's request as an attempted, (but seriously flawed), end-run around his bail conditions, an affront to the U.S. District Court for the Southern District of New York and a continuation of a possible fraud on this Court.

      First, Mr. Finkelstein's request is <u>absolutely</u> <u>unnecessary</u>. Your Honor dismissed Plaintiff's Complaint, <u>without</u> prejudice. Dkt. No. 47. Accordingly, Plaintiff, assuming he was even ever aware of the now dismissed lawsuit, does not need this Court's permission to commence a new action against Defendants if he so desires. Thus, rescission by Your Honor of the Order would be a <u>pointless</u> act.

      Second, Mr. Finkelstein's request is a naked attempt to extricate himself from the constraints imposed upon him by Magistrate Judge Moses as a result of his alleged criminality. On December 3, 2019,

---

[1] Mr. Finkelstein apparently confuses this Court's Order with a non-existent December 2nd Order. His confusion likely stems from one of the fourteen (14) other ADA cases he has filed in the Southern District of New York purportedly on behalf of Mr. Antolini.

9 Thurlow Terrace
Albany, NY 12203-1005
T 518.462.3000 F 518.462.4199

21 Main Street, Court Plaza South
West Wing, Suite 158
Hackensack, NJ 07601-7021
T 201.287.2460 F 201.489.0495

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555 F 212.687.9044

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100 F 845.473.8777

RIVKIN RADLER LLP

December 9, 2019
Page 2

Magistrate Judge Moses So Ordered Mr. Finkelstein's "Bail Disposition," which required him, *inter alia*, **"not to initiate new ADA actions (whether or not counsel of record)."** See, Exhibit "A." It is axiomatic that in order for Plaintiff to litigate any claims under the ADA against Defendants, he must now file a new complaint, present the summons to the clerk, pay the filing fee and effectuate service on Defendants, *i.e.*, **"initiate a new ADA action."** Mr. Finkelstein's request of Your Honor to rescind the Order is obviously premised on his belief that if the Order is rescinded, he would not be in "technical" violation of his "Bail Disposition" if he continued to represent Plaintiff. Defendants respectfully submit that Mr. Finkelstein's scheming must stop, once and for all.[2]

Third, Mr. Finkelstein's request is also procedurally improper. The proper way in which to seek the requested relief is to move to vacate under Fed. R. Civ. P. 60 and, before filing that motion, request a pre-motion conference pursuant to Your Honor's individual rule III.A. Mr. Finkelstein's brief written communication fails to satisfy these procedural requirements.

Last, even if Your Honor was contemplating setting aside these issues and rescinding the Order, Mr. Finkelstein's letter does nothing to rectify the original issue identified by Defendants – that based upon his alleged criminal conduct, Defendants have a strong belief that Mr. Finkelstein does not represent Mr. Antolini and that, as he has allegedly done in the past with others, he has stolen Mr. Antolini's identity. While Defendants, for the reasons stated above, do not think that Mr. Finkelstein's application should be granted, if it is, Mr. Finkelstein should not now be simply allowed to hit the "reset" button without this threshold showing to the Court's satisfaction.[3]

                                      Respectfully submitted,

                                      RIVKIN RADLER LLP

                                      *Kenneth A. Novikoff*

                                      Kenneth A. Novikoff

---

[2] Plaintiff will suffer no prejudice. If he truly is an aggrieved individual and desires to seek the recovery of his alleged damages from Defendants, there are many attorneys that he can easily find that have the expertise to commence a new action on his behalf.

[3] Given the serious criminal charges against Mr. Finkelstein and the alleged fraudulent conduct that formed the basis of his arrest, Defendants respectfully submit that only a personal appearance by Mr. Antolini, with proper identification, can substantiate his retention of Mr. Finkelstein in this action.

# EXHIBIT "A"

AO 199A (Rev. 12/11) Order Setting Conditions of Release                                                Page 1 of _____ Pages

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No. 19 MAG 10645 |
| STUART FINKELSTEIN | ) |
| *Defendant* | ) |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate federal, state, or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3) The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4) The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

   The defendant must appear at: _____
   *Place*

   on _____
   *Date and Time*

   If blank, defendant will be notified of next appearance.

(5) The defendant must sign an Appearance Bond, if ordered.

AO 199B  (Rev. 12/11) Additional Conditions of Release                                                                                  Page ____ of ____ Pages

## ADDITIONAL CONDITIONS OF RELEASE

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

( ☐ )  (6) The defendant is placed in the custody of:
  Person or organization _____
  Address *(only if above is an organization)* _____
  City and state _____   Tel. No. _____

who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

  Signed: _____
   *Custodian*                                         *Date*

( ☒ )  (7) The defendant must:
  ( X ) (a) submit to supervision by and report for supervision to the **PRETRIAL SERVICES AS DIRECTED IN THE SDFLA**
      telephone number _____ , no later than _____ .
  (     ) (b) continue or actively seek employment.
  ( ☐ ) (c) continue or start an education program.
  ( ☒ ) (d) surrender any passport to:  **PRETRIAL SERVICES**
  ( ☒ ) (e) not obtain a passport or other international travel document.
  ( ☒ ) (f) abide by the following restrictions on personal association, residence, or travel:  **SDNY, EDNY AND EXTENDED TO THE SDFL, STATE OF TENNESEE, AND POINTS IN BETWEEN FOR TRAVEL PURPOSES ONLY**
  ( ☐ ) (g) avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including: _____
  ( ☐ ) (h) get medical or psychiatric treatment: _____
  ( ☐ ) (i) return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling, or the following purposes: _____
  ( ☐ ) (j) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.
  (     ) (k) not possess a firearm, destructive device, or other weapon.
  ( ☐ ) (l) not use alcohol ( ☐ ) at all ( ☐ ) excessively.
  ( ☐ ) (m) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
  (     ) (n) submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.
  (     ) (o) participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.
  (     ) (p) participate in one of the following location restriction programs and comply with its requirements as directed.
      ( ☐ ) (i) **Curfew.** You are restricted to your residence every day ( ☐ ) from _____ to _____ , or ( ☐ ) as directed by the pretrial services office or supervising officer; or
      ( ☐ ) (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; or
      ( ☐ ) (iii) **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court.
  ( ☐ ) (q) submit to location monitoring as directed by the pretrial services office or supervising officer and comply with all of the program requirements and instructions provided.
      ( ☐ ) You must pay all or part of the cost of the program based on your ability to pay as determined by the pretrial services office or supervising officer.
  ( ☐ ) (r) report as soon as possible, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

**ADDITIONAL CONDITIONS OF RELEASE**

( ☒ ) (s) $150,000.00 PRB; CO-SIGNED BY 2 FRP'S; TRAVEL LIMITS INCLUDE THE SDNY, EDNY AND EXTENDED TO THE SDFL, STATE OF TENNESEE, AND POINTS IN BETWEEN FOR TRAVEL PURPOSES ONLY ; SURRENDER OF TRAVEL DOCUMENTS NO NEW APPLICATIONS; PRETRIAL SUPERVISION AS DIRECTED IN THE SDFLA; DEFENDANT TO BE RELEASED UPON OWN SIGNATURE WITH ALL REMAINING CONDITIONS TO BE MET BY 12/10/19; DEFENDANT IS NOT TO INITIATE NEW ADA ACTIONS (WHETER OR NOT COUNSEL OF RECORD)

AO 199C   (Rev. 09/08) Advice of Penalties          Case 1:19-mj-10645-UA   Document 6   Filed 12/03/19   Page 5 of 7        Page ____ of ____ Pages

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:   **STUART FINKELSTEIN**      **19 MAG 10645**      **December 3, 2019**

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (*i.e.*, in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
  (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more -- you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
  (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years -- you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
  (3) any other felony -- you will be fined not more than $250,000 or imprisoned not more than two years, or both;
  (4) a misdemeanor -- you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

**DEFENDANT RELEASED**

_____
*Defendant STUART FINKELSTEIN  Signature -*

_____
*City and State*

### Directions to the United States Marshal

( ☐ ) The defendant is ORDERED released after processing.
( ☐ ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: _____         _____
                                       *Judicial Officer's Signature*

                                       _____
                                       *Printed name and title*

AO 199C (Rev. 09/08) Advice of Penalties  Page _____ of _____ Pages

DISTRIBUTION: COURT    DEFENDANT    PRETRIAL SERVICE    U.S. ATTORNEY    U.S. MARSHAL

**Southern District of New York**

The Bronx
Manhattan
Westchester
Rockland
Dutchess
Orange
Putnam
Sullivan

**Eastern District of New York**

Brooklyn (Kings County)
Queens (Queens County)
Staten Island (Richmond County)
Long Island (Nassau & Suffolk)

ORIGINAL

DOCKET No. 19mag10645  DEFENDANT Stuart Finkelstein

AUSA Rushmi Bhaskaran  DEF.'S COUNSEL Brian Griffin
☒ RETAINED ☐ FEDERAL DEFENDERS ☐ CJA ☐ PRESENTMENT ONLY

☐ _____ INTERPRETER NEEDED

☐ DEFENDANT WAIVES PRETRIAL REPORT

☒ Rule 5 ☐ Rule 9 ☐ Rule 5(c)(3) ☐ Detention Hrg.
DATE OF ARREST 11/19/19  ☒ VOL. SURR.
TIME OF ARREST Morning  ☐ ON WRIT
☐ Other: _____  TIME OF PRESENTMENT 3:40pm

## BAIL DISPOSITION

☐ SEE SEP. ORDER
☐ DETENTION ON CONSENT W/O PREJUDICE  ☐ DETENTION: RISK OF FLIGHT/DANGER  ☐ SEE TRANSCRIPT
☐ DETENTION HEARING SCHEDULED FOR: _____
☒ AGREED CONDITIONS OF RELEASE
☐ DEF. RELEASED ON OWN RECOGNIZANCE
☒ $ 150,000 PRB ☒ 2 FRP
☐ SECURED BY $ _____ CASH/PROPERTY: _____
☒ TRAVEL RESTRICTED TO SDNY/EDNY/S.D.Fla., State of Tennessee, points in between for transit purposes only
☐ TEMPORARY ADDITIONAL TRAVEL UPON CONSENT OF AUSA & APPROVAL OF PRETRIAL SERVICES
☒ SURRENDER TRAVEL DOCUMENTS (& NO NEW APPLICATIONS)

☒ PRETRIAL SUPERVISION: ☐ REGULAR ☐ STRICT ☒ AS DIRECTED BY PRETRIAL SERVICES
☐ DRUG TESTING/TREATMT AS DIRECTED BY PTS  ☐ MENTAL HEALTH EVAL/TREATMT AS DIRECTED BY PTS
☐ DEF. TO SUBMIT TO URINALYSIS; IF POSITIVE, ADD CONDITION OF DRUG TESTING/TREATMENT

☐ HOME INCARCERATION ☐ HOME DETENTION ☐ CURFEW ☐ ELECTRONIC MONITORING ☐ GPS
☐ DEF. TO PAY ALL OF PART OF COST OF LOCATION MONITORING, AS DETERMINED BY PRETRIAL SERVICES

☐ DEF. TO CONTINUE OR SEEK EMPLOYMENT [OR] ☐ DEF. TO CONTINUE OR START EDUCATION PROGRAM
☐ DEF. NOT TO POSSESS FIREARM/DESTRUCTIVE DEVICE/OTHER WEAPON

☐ DEF. TO BE DETAINED UNTIL ALL CONDITIONS ARE MET
☒ DEF. TO BE RELEASED ON OWN SIGNATURE, PLUS THE FOLLOWING CONDITIONS: _____
_____ ; REMAINING CONDITIONS TO BE MET BY: 12/10/19

**ADDITIONAL CONDITIONS/ADDITIONAL PROCEEDINGS/COMMENTS:**

Defendant to be supervised in S.D. Fla.

Defendant not to initiate new ADA actions (whether or not counsel of record).

☐ DEF. ARRAIGNED; PLEADS NOT GUILTY  ☐ CONFERENCE BEFORE D.J. ON _____
☐ DEF. WAIVES INDICTMENT
☐ SPEEDY TRIAL TIME EXCLUDED UNDER 18 U.S.C. § 3161(h)(7) UNTIL _____

For Rule 5(c)(3) Cases:
☐ IDENTITY HEARING WAIVED  ☐ DEFENDANT TO BE REMOVED
☐ PRELIMINARY HEARING IN SDNY WAIVED  ☐ CONTROL DATE FOR REMOVAL: _____

PRELIMINARY HEARING DATE: 1/2/20  ☒ ON DEFENDANT'S CONSENT

DATE: 12/3/19

UNITED STATES MAGISTRATE JUDGE, S.D.N.Y.

WHITE (original) – COURT FILE  PINK – U.S. ATTORNEY'S OFFICE  YELLOW – U.S. MARSHAL  GREEN – PRETRIAL SERVICES AGENCY
Rev'd 2016