STUART H. FINKELSTEIN, ESQ.

FINKELSTEIN LAW GROUP, PLLC
338 Jericho Turnpike
Syosset, New York 11791
(718) 261-4900

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 03/13/2020

March 4th, 2020

The Honorable Lorna G. Schofield
Thurgood Marshall United States Courthouse
Southern District of New York
40 Foley Square, Courtroom 1106
New York, New York 10007

*Plaintiff's motion to strike Defendants' pleadings is DENIED. An order of reference to Judge Freeman for general pretrial will issue separately.*

*The Clerk of Court is respectfully requested to close the motion at Dkt. No. 65.*

*Dated: March 13, 2020
New York, New York*

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re: 75 & 81 Orchard Associates LLC, et al
Case No.: 1:19-cv-05894-LGS

Dear Judge Schofield,

In accordance with your Individual Practices, Section III.C.3 and Local Rule 37.0, I write seeking a telephonic conference with Chambers to file Plaintiff's Motion to Strike Defendants Pleadings pursuant to Rule 37 of the Federal Rules of Civil Procedure.

The Defendants were served with four separate and distinct requests, 1) Plaintiff's First Request for Production of Documents pursuant to Rule 34 of the Federal Rules of Civil Procedure; 2) Plaintiff's Notice of Service of Fact and Expert Witness Interrogatories; 3) Plaintiff's First Set of Interrogatories and 4) Plaintiff's Request, pursuant to Rule 26(a)(2) for Production.

Pursuant to your Order of January 8, 2020 [Docket Entry 55], "all discovery requests that were outstanding prior to this Court's Order at Dkt. No. 47 dismissing the case are deemed served as of the date of this order. Plaintiff's application is DENIED without prejudice to renew if Defendants fail to timely respond".

Defendants Erwin Schrottner, Andrew Chase and Graz, LLC (hereinafter *Tenants*) served their Responses to Plaintiff's propounded Requests. Unfortunately, Defendants "Tenants" pleaded *seventeen times* to Plaintiff's First Request For Production pursuant to Rule 34, as follows: a) 'Defendant objects to this Request as it is vague, ambiguous and calls for a legal conclusion; b) 'Defendants object to this Request as it is palpably improper, vague, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence'; c) Defendants object to this Request as it is overbroad and vague. Not *one* of the following were responded to:

REQUEST FOR PRODUCTION NO. 6:
All estimates for the cost and scope of the work that Defendant determined needs to be done for the Property to comply with the ADA.

-1-

RESPONSE TO DOCUMENT REQUEST NO. 6:
Defendant objects to this Request as it is vague, ambiguous and calls for a legal conclusion.

REQUEST FOR PRODUCTION NO. 7:
All documents evidencing Defendants' policies or procedures for ensuring that the Property affords goods, services, facilities. Privileges, advantages and/or accommodations, without discrimination, to individuals with disabilities.

RESPONSE TO DOCUMENT REQUEST NO. 7:
Defendant objects to this Request as it is vague, ambiguous and calls for legal conclusion.

REQUEST FOR PRODUCTION NO. 14:
All documents suppo11ing the denial of those parts of plaintiff s Complaint that Defendants do not believe are accurate.

RESPONSE TO DOCUMENT REQUEST NO. 14:
Defendant objects to this Request, as it is vague. overbroad, and subject to the attorney work product privilege.

REQUEST FOR PRODUCTION NO. 21:
All Federal income tax returns, including all schedules thereto, filed by Defendants for each of the past three years.
RESPONSE TO DOCUMENT REQUEST NO. 21:
Defendants object to this Request as it is palpably improper, overbroad, and vague.

REQUEST FOR PRODUCTION NO. 22:
All financial statements of the Defendants prepared within the past three years.
RESPONSE TO DOCUMENT REQUEST NO. 22:
Defendants object to this Request t as it is palpably improper, overbroad, and vague.

REQUEST FOR PRODUCTION NO. 23:
All applications made by the Defendants to any lender, or potential lender, within the past three years.

RESPONSE TO DOCUMENT REQUEST NO. 23:
Defendants object to this Request as it is palpably improper, overbroad, and vague.

REQUEST FOR PRODUCTION NO. 24:
All sales, personal property and real estate tax bills for the Property for the past three years.
RESPONSE TO DOCUMENT REQUEST NO. 24:
Defendants object to this Request as it is palpably improper, overbroad, and vague.

REQUEST FOR PRODUCTION NO. 25:
All documents evidencing the number of employees or independent contractors utilized

by Defendants during the past three years, including documents showing each person's name and address and time of employment (including, but not limited to, unemployment tax returns, employee/independent contractor ledgers or payroll/accounts payable records).
*RESPONSE* TO DOCUMENT REQUEST NO. 25:
Defendants object to this Request as it is palpably improper, vague, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 26:
All mortgages, and the promissory notes secured thereby, encumbering the Property or any businesses operated at the Property.
*RESPONSE* TO DOCUMENT REQUEST NO. 26:
Defendants object to this Request as it is palpably improper and overbroad.

REQUEST FOR PRODUCTION NO. 28:
All documents showing the operating expenses of the Property.

*RESPONSE* TO DOCUMENT REQUEST NO. 28:
Defendants object to this Request as it is palpably improper, overbroad, and not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 29:
The general ledge r(s) for Defendants for the past three years.

*RESPONSE* TO DOCUMENT REQUEST NO. 29:
Defendants object to this Request as it is overbroad, vague, and not reasonably calculated to lead to the disco very of admissible evidence.

REQUEST FOR PRODUCTION NO. 30:
The "QuickBooks" records for Defendants for the past three years.
*RESPONSE* TO DOCUMENT REQUEST NO. 30:
Defendants object to this Request as it is overbroad, vague, and not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 31:
The cash receipts and cash disbursements journal for Defendants for the past three years.
*RESPONSE* TO DOCUMENT REQUEST NO. 31:
Defendants object to this Request as it is overbroad, vague, and not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 32:
Profit and loss statements for the Defendants for the past three years.

*RESPONSE* TO DOCUMENT REQUEST NO. 32:
Defendants object to this Request as it is overbroad, vague, and not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 33:
Balance sheets for Defendants for the past three years.
RESPONSE TO DOCUMENT REQUEST NO. 33:
Defendants object to this Request as it is overbroad, vague, and not reasonably calculated to lead to the discovery of admissible evidence.

REQUEST FOR PRODUCTION NO. 35:
All certificates of exemption or other documents received from the Department of Justice or any other state or federal agency exempting the Facility from the requirements of Title III of the Americans with Disabilities Act.
RESPONSE TO DOCUMENT REQUEST NO. 35:
Defendants object to this Request as it is overbroad and vague.

Subsequent to receiving these disingenuous, unfounded in law responses, inter alia, I emailed and called defense counsel for Tenant to meet and confer. He asked for a deficiency letter which I sent to him February 19, 2020. More than two weeks have passed and I have not received any supplemental Responses.

---

Moreover, defendants 75 & 81 Orchard Associates LLC and Sassan Mahfar, hereinafter (*Landlord*), likewise sent uncannily very similar Responses to *all* of Plaintiff's Requests. This, in spite of me consenting to weeks of additional time to comply with the Court's Order. Adding insult to injury, defense counsel refused to meet and confer, <u>even while we were on the phone</u>, and instead demanded a deficiency letter which I provided within minutes of our phone call.

The Plaintiff's Request for Production of Documents go to the very heart of Defendants' denials contained in their Answers and their affirmative defenses pled.

All of the defendants, in response to all of our Discovery Requests, *refused to answer any question regarding their finances* although I offered to sign a confidentiality agreement sent my way. In the interest of brevity, we will include all of the Requests and the Responses in our Motion to be submitted to the Court and my apologizes for exceeding the page limit.

Your Honor, we seek to file a Motion to strike Defendants' Answer in light of this inexplicable behavior.

Respectfully, I remain,

Very truly yours,

Stuart H. Finkelstein

SHF/tc
To all counsel of record via ECF