**STUART H. FINKELSTEIN, ESQ.**

FINKELSTEIN LAW GROUP, PLLC
338 Jericho Turnpike
Syosset, New York 11791
(718) 261-4900

May 6th, 2020

The Honorable Debra Freeman
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street – ct room 17A
New York, New York 10007

                                              Antolini vs. 75 & 81 Orchard, et al
                                              Case No.: 1:19-cv-05894 (LGS)

Dear Judge Freeman,

I represent Plaintiff Dino Antolini and submit this letter in response to your Order of May 2020.

**Plaintiff:**
Anthony,
To be made part of the joint letter to the Judge. As we discussed, I am sending this in word and I need to see the letter before you submit to the Court.

Thank you,
Stuart H. Finkelstein, Esq.

_____

(1) Setting out the extent (if at all) to which Defendants' business is currently in operation:

Plaintiff submits this information is within the knowledge and control of defendants. If the restaurant plans to close its doors, Plaintiff has asked counsel for the tenant to provide affidavits from all owners and operators confirming same.

2) Providing a reasoned explanation as to whether it is currently possible to conduct an inspection of the premises for purposes of this action:

Plaintiff's Expert is available to conduct the inspection. Plaintiff maintains the restaurant does not have to be operating its in-house dining aspect of the business to perform the inspection.

STUART H. FINKELSTEIN, ESQ.

(3) Proposing how this case should move forward under the circumstances:

If Plaintiff's Expert conducts his inspection, we can proceed to exchange reports and proceed to Motion for Summary Judgement.

Defendants:

Mr. Finkelstein:
Inasmuch as you have not sent us your inclusion in the Joint Letter, below is ours. We expect that it will go into the Joint Letter without change.

Begin

The law firm of Rivkin Radler, LLP represents Erwin Schrottner, Andrew Chase, and Graz Restaurant LLC ("Graz Restaurant Defendants"). Plaintiff's counsel's (Mr. Finkelstein) decision to litter this Court's docket with material misrepresentations is not surprising given his arrest for, inter alia, two counts of false declarations before the United States District Court for the Southern District of New York. For instance, as it pertains to Mr. Finkelstein's unilateral submission at Dkt. 82, I simply asked that he remove the language concerning an April 10th letter, and his statement regarding Defendant's "unabashed" conduct, as it is clearly not pertinent to his request to extent expert discovery. Mr. Finkelstein refused to revise the letter whatsoever, and instead, submitted a unilateral communication to the Court in violation of Your Honor's April 22nd and May 4th Order. It was not until yesterday that Mr. Finkelstein suggested – for the first time – that all counsel, including the landlord's attorney, should get on a telephone conference. He suggested, and without the landlord's attorney being part of the conversation, that I have all counsel call him at 1:00pm today. I simply asked that he confirm the 1:00pm time with the landlord's attorney, so that I can circulate a call-in number, as I do not give out my cellphone number to individuals who have been charged with felony identity theft. He refused to advise me of the landlord's attorney's availability, although I repeatedly suggested that he do so yesterday and this morning. Presently, Mr. Finkelstein also refuses to share his position as to his request to extend expert discovery that we believe he will be submitting as part of a "joint" letter request. We can only assume that it will contain more misleading and false statements to this Court.
 As we have consistently advised Mr. Finkelstein, the restaurant is closed to the public and it is seriously considering turning in the keys and closing its' doors forever, due to the serious financial constraints caused by the COVID-19 pandemic. Mr. Finkelstein's "evidence" of the restaurant's intention of reopening that he submitted (the legitimacy of which we have no ability to verify) without first advising defense counsel, although I repeatedly asked that he do so, is truly unfortunate, because a simple review of the restaurant's official website clearly shows that it is, and has been, closed for over a month in compliance with Governor Cuomo's "stay at home" order. Mr. Finkelstein's has shown an inability to cooperate. We take no position on his application to extend the

STUART H. FINKELSTEIN, ESQ.

discovery deadline, expect to say that in our respectful opinion, his conduct does not warrant any courtesy from this Court.

---

Respectfully,

*[signature]*

Stuart H. Finkelstein

SHF/tc
To all counsel via ECF