

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

KEEGAN B. SAPP
ASSOCIATE
(516) 357-3320
Keegan.Sapp@rivkin.com

October 8, 2020

**VIA ECF**
Hon. Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Dino Antolini v. 75 & 81 Orchard Associates LLC, et al.
Docket No. 1:19-cv-05894 (LGS)

Dear Judge Schofield:

The law firm of Rivkin Radler, LLP represents Erwin Schrottner, Andrew Chase, and Graz Restaurant LLC (the "Defendants"). We write pursuant to Your Honor's August 4, 2020 Order directing the Parties to file any dispositive pre-motion letters at least two weeks before the the case management conference, scheduled for October 22, 2020. This letter motion respectfully asks that Your Honor issue an Order dismissing this Action in its' entirety for several independent reasons.

Plaintiff's Disregard Of Discovery Orders Preclude Him From Offering His Expert Report Into Evidence

It is truly unfortunate that Plaintiff in this matter continues to evade his obligations to this Court. This latest effort is made evident by Plaintiff's deliberate non-compliance with this Court's August 4th Order directing the Parties to:

> [a]rrange for Plaintiff's expert to inspect the premises within the next two weeks, with agreed safety protocols that include appropriate personal protective equipment and social distancing. Plaintiff's expert report shall be served by 9/1/20.

66 South Pearl Street
Albany, NY 12207-1533
T 518.462.3000 F 518.462.4199

25 Main Street
Court Plaza North, Suite 501
Hackensack, NJ 07601-7082
T 201.287.2460 F 201.489.0495

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555 F 212.687.9044

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100 F 845.473.8777

Plaintiff failed to comply with this Order in every aspect. To mitigate the risk associated with the novel Coronavirus, Defendants suggested that Plaintiff's expert inspect the premises between 3:00pm and 5:00pm when the restaurant is not serving outdoor customers. Defendants made clear to Plaintiff in a May 13th email that:

> [g]iven the nature of [his attorney's] arrest, and the criminal complaint filed against [him] by the U.S. Attorney's Office for the Southern District of New York, counsels and their respective clients will be present when [his] and/or [his] expert is at the premises. *See,* Exhibit A.

Plaintiff made no efforts to confer with the Defendants on implementing proper safety protocols, and did not confirm with Defendants a date and time Plaintiff expected his expert to arrive at the premises, so as to allow Defendants the opportunity to have legal counsel during the inspection. This is just the latest example of Plaintiff's flagrant disregard of this Court's Orders and unwillingness to engage in any cooperative dialogue with the Defendants.

Perhaps even more problematic for Plaintiff is that he served his expert report a day late. *See,* Exhibit B. While a one-day delay is not usually a basis for preclusion, under the circumstance, we respectfully submit Plaintiff's conduct throughout the course of this litigation does not warrant any courtesy from this Court. Indeed, Plaintiff asked this Court for the exact same relief in a letter motion filed one-day after Defendants' time to serve its' rebuttal to Plaintiff's expert report expired. In this regard, we simply ask the Court for the exact same relief Plaintiff purportedly believes should be afforded when discovery disclosures are a day late. *See,* Dkt No.: 93 and Exhibit "C;" *see also,* FRCP 37; *Lujan v. Cabana Mgmt., Inc.,* 284 F.R.D. 50 (E.D.N.Y. 2012)(courts enjoy broad discretion in deciding whether and how to fashion a sanction for failure to make disclosure or cooperate in discovery).

The Defendants' respectfully submit that Plaintiff is now precluded from introducing his expert report at the trial of this matter and, considering this fact, Plaintiff cannot support his cause of action.

<u>Plaintiff Cannot Meet His *Prima Facie* Burden</u>

If Plaintiff's expert report can be introduced as evidence, it nonetheless falls drastically short of meeting the Plaintiff's *prima facie* burden. It is the Plaintiff's burden to "articulate a plausible proposal for barrier removal, 'the costs of which, facially, do not clearly exceed its benefits.'" *Roberts v. Royal Atl. Corp.*, 542 F.3d 363, 373 (2d Cir. 2008); *Kreisler v. Second Ave. Diner Corp.,* 2012 WL 3961304, at *7 (S.D.N.Y. Sept. 11, 2012), *aff'd,* 731 F.3d 184 (2d Cir. 2013). This "minimal burden" does, however, require a proposal and "at least some estimate of costs." *Kreisler v. Second Ave. Diner Corp.*, 2012 WL 3961304, at *7 (S.D.N.Y. Sept. 11, 2012); *Roberts,* 542 F.3d 367-782d Cir. 2008)(finding plaintiffs' burden was met when they

"proffer[ed] plans—proposed themselves or with the aid of the independent architect—that would permit facially cost-effective wheelchair access")

There is nothing in the resume of Plaintiff's expert that evidences any experience with the technical requirements of the Americans with Disabilities Act (ADA). *See,* Exhibit D. The report he submitted evidences this lack of knowledge. *Id.* Plaintiff's expert agrees that there is "no feasible way to create a handicap lift going down to the cellar steps" to the restroom and that the cellar bathroom cannot be made ADA compliant as the vestibule area prevents the restroom from obtaining proper clearance.

Plaintiff's expert report then claims the "entry and layout of the restaurant Is [sic] actually capable of being modified Into a ADA accessible restaurant," yet acknowledges the existing conditions "would not allow for a standard slope of 1:12," a technical requirement of the ADA. Plaintiff's expert then goes on to address speculative concepts that offer nothing in the way of articulating a proposal for barrier removal. In this regard he states:

> [t]he only Issue with creating a ramp would be the raised portion of the sidewalk, which might actually be a sidewalk vault. If the raised portion is a sidewalk vault, It could still be installed, but It would need to be engineered. Under New York City building code, you are allow to encroach Into city sidewalk up to 3'-6" for a handicap ramp without getting special permission. Depending on which direction the ramp Is design, the entry door might have to be redesign also. *See,* Exhibit D

The report offers only speculative concepts of ramp installation and nothing in way of proposing a plan for barrier removal that Defendants could rely on when assessing whether the cost of the proposal would in fact exceed the benefits. *Kreisler v. Second Ave. Diner Corp.,* 2012 WL 3961304, at *7 (S.D.N.Y. Sept. 11, 2012). Plaintiff's expert report does not even address whether the unspecified modifications could conceivably meet the current building code for the City of New York. *Id.* Perhaps most importantly, Plaintiff's expert failed to demonstrate that under the circumstances, installing a ramp would be readily achievable. Instead, Plaintiff's expert provided speculative conceptual ideas, rather than a specific design, which would be easily accomplishable and able to be carried out without much difficulty or expense. This report offers nothing in the way that allows the Defendants' to make the modifications or to object, on the basis that the proposal would in fact exceed the benefits. *Id.*

<u>Conclusion</u>

The Defendants respectfully submit that Plaintiff cannot support his cause of action, or his burden of proof, as to, *inter alia,* the existence of an architectural barrier, or a plausible proposal for barrier removal, the costs of which facially does not clearly exceed its' benefit. We, therefore, respectfully request that Your Honor dismiss this matter *sua sponte*.

October 8, 2020
Page 4

Very truly yours,

RIVKIN RADLER LLP

/s/

Keegan B. Sapp

# EXHIBIT “A”

Keegan Sapp
Associate
926 RXR Plaza, Uniondale, NY 11556-0926
D 516.357.3320 T 516.357.3000 F 516.357.3333
Keegan.Sapp@rivkin.com
www.rivkinradler.com

**From:** Stuart Finkelstein [mailto:sf@finkelsteinlawgroup.com]
**Sent:** Thursday, May 14, 2020 1:04 PM
**To:** Keegan Sapp
**Subject:** [EXTERNAL] Re: Antolini v. 75 & 81 Orchard Associates LLC et al

5/14/20

I think it a good idea to ask the Court for a 45 day stay for the inspection.

Vty,
Stuart Finkelstein

On Wed, May 13, 2020 at 3:34 PM Keegan Sapp <Keegan.Sapp@rivkin.com> wrote:

> Mr. Finkelstein:
>
> We have discussed, with our client and the landlord's attorney, the possibility of an ADA expert inspecting the restaurant, taking into account, of course, the particular issues we face due to the COVID-19 global pandemic.
>
> The restaurant is closed – there is no curbside take-out or deliveries. The loss in revenue, and the uncertainty surrounding the pandemic, will likely result in the restaurant turning in its' keys, and closing the doors forever. To engage in expert discovery, which would invariably require your expert, our expert, and the landlord's expert, for a location that is not, and will not be, in the foreseeable future, a place of public accommodation is a costly endeavor to reach a conclusion that may very likely become moot.
>
> Moreover, the restaurant is very small (only about 1,000 square feet). Given the nature of your arrest, and the criminal complaint filed against you by the U.S. Attorney's Office for the Southern District of New York, counsels and their respective clients will be present when you and/or your expert is at the premises. Having no less than five (5) people in a tight enclosed space, at any one time, creates a very real risk of contracting, and spreading the virus. It is also a violation of social distancing protocols provided by Governor Cuomo's "stay at home" order.
>
> If you have a **reasonable** alternative, let us know.
>
> **Please note to reduce the quantity of paper coming into our offices during the Coronavirus crisis when our staff is working remotely, we request that all**

**communications with this office should be through electronic means. Your cooperation is appreciated.**

Keegan Sapp
Associate
926 RXR Plaza, Uniondale, NY 11556-0926
D 516.357.3320 T 516.357.3000 F 516.357.3333
Keegan.Sapp@rivkin.com
www.rivkinradler.com

---

NOTICE: This message may contain information that is confidential or privileged. If you are not the intended recipient, please advise the sender immediately and delete this message. See: http://www.rivkinradler.com/disclaimer-electronic-communications/ for further information on confidentiality.

--
Stuart H. Finkelstein, Esq.
338 Jericho Turnpike
Syosset, New York 11791
718) 261-4900

# EXHIBIT “B”

## Keegan Sapp

**From:** Stuart Finkelstein <sf@finkelsteinlawgroup.com>
**Sent:** Wednesday, September 2, 2020 11:31 AM
**To:** Tomari, Anthony; Ken Novikoff; Keegan Sapp
**Subject:** [EXTERNAL] 75 & 81
**Attachments:** REPORT - 75 & 81.pdf; BILLY CHEN RESUME.pdf

**Follow Up Flag:** Follow up
**Flag Status:** Completed

Please see attached Report and resume.

--
Stuart H. Finkelstein, Esq.
338 Jericho Turnpike
Syosset, New York 11791
718) 261-4900

# EXHIBIT “C”

STUART H. FINKELSTEIN, ESQ.

FINKELSTEIN LAW GROUP, PLLC
338 Jericho Turnpike
Syosset, New York 11791
(718) 261-4900

September 26th, 2020

The Honorable Lorna G. Schofield
Thurgood Marshall United States Courthouse
Southern District of New York
40 Foley Square, Courtroom 1106
New York, New York 10007

Re: 75 & 81 Orchard Associates LLC, et al
Case No.: 1:19-cv-05894-LGS

Dear Judge Schofield,

In accordance with your Individual Practices, Section III.C.3 and Local Rule 37.0, I write seeking a telephonic conference with your Honor to file Plaintiff's Motion to Preclude Defendants from 1) offering any report either for or in opposition of a Motion for Summary Judgment 2) offering any expert testimony at time of trial and 3) for any other purpose in this matter.

This lawsuit was filed on June 24, 201. While the pandemic has certainly prohibited the progression of this matter, nothing in the last sixteen months has gotten in the way of defendants having their own Expert inspecting the facility, thereby complying with court orders.

On August 3, 2020 [DE 91] Magistrate Judge Debra Freeman ordered that defendants rebuttal expert report, if any, be served by September 25, 2020. Your affiant has received nothing from defendants pursuant to the Order.

As such we seek to file our Motion seeking the preclusion of the above referenced. We appreciate your time.

With respect, I remain,

Very truly yours,

Stuart H. Finkelstein

SHF/tc
To all counsel via ECF

# EXHIBIT "D"

B Chen Architect PLLC

75 Eckford Street, Brooklyn, NY 11222; TEL: (718)440-8741, E-mail :BChen@BChen.com

September 1,2020

Stuart H. Finkelstein, Esq.
338 Jericho Turnpike
Syosset, NY 11791

Re: 75-81 Orchard Street
New York, NY 10002
Block: 413 Lot: 45/49

Dear Mr. Finkelstein,

As per your request, an interior and exterior survey of Café Katja at 81 Orchard Street conducted on August 20, 2020 at approximately 3:00 pm in the afternoon to review for handicap compliance, as per the ADA law. The survey consisted of walking around the public sidewalk in front of the establishment and all patron space on the first and cellar floor of the establishment and these are my finding.

The restaurant In question Is located In a six story mix-use residential building. The building Itself consist of two building on two different tax lot which Is In the process of being merged Into a single lot along with a new certificate of occupancy. The project to merge the lot was originally approved on March 16, 2007 under job application #104444326, which still has not been completed or signed off as of this date. The first floor of the building consist of multiple retail space with two separate entrance Into the residential portion of the building. Approximately 4' of the sidewalk directly In front of the entire building Is raised up by about 4" and the entry way Into the retail space Is approximately another 6" above the raised sidewalk.

Based on DOB records, the restaurant seems to be In existence for a while. The last record on file with the DOB computer system was created on June 23, 2014, which has not been signed off yet. Based on the job description, It is for the remodel of an existing eating and drinking establishment.

B Chen Architect PLLC

75 Eckford Street, Brooklyn, NY 11222; TEL: (718)440-8741, E-mail :BChen@BChen.com

In walking around the sidewalk, the current restaurant Is not ADA accessible to a wheelchair bound person. The height of the main dining space is approximately 10" above the sidewalk and the main entry way into the space Is approximately 3'-4" wide and setback by another 3'-0 from the storefront, with an outward swing door, which Is also not ADA compliance.

Since we are currently In a pandemic, the Interior space was free of any tables. All tables were pushed against the wall so ADA was not an Issue until the tables are setup for dining. There are currently no restroom on the main dining floor. There Is a staircase on the right and left side of the bar which leads down to the cellar.

The cellar consist of two sets of public restroom which Is also not handicap accessible to a person In a wheelchair, and therefore not in compliance with the ADA. Each restroom consist of a hallway approximately 3' wide with lavatory on one side and small rooms for Individual toilets Inside.

In regards, to the cellar restroom. The stair is not ADA accessible for a person in a wheelchair. There is also no feasible way to create a handicap lift going down to the cellar. It would require a major redesign of the ground floor and possible part of their kitchen space. Even if you are able, to design a handicap lift into the cellar, part of the restroom are actually located underneath the staircase. An ADA restroom needs at least 5′-0″ clear space inside, which they might not be able to get, based on the vestibule in front of the restroom. The restroom would need to be gutted out to most likely make it compliance. They currently have a 30″ wide door with a 3′-0′ wide walking passage inside the toilet room and a 20″ lavatory next to the walking passage. So even if they were able to get a 2′-10″ door, the total width of the passageway without the lavatory would only be around 4′-8″ which you would still be around 4″ short.

B Chen Architect PLLC

75 Eckford Street, Brooklyn, NY 11222; TEL: (718)440-8741, E-mail :BChen@BChen.com

The entry and layout of the restaurant Is actually capable of being modified Into a ADA accessible restaurant. Due to the length of the storefront, you are able to Install a handicap ramp In front of the building. The total height from the sidewalk to the first floor Is approximately 10" total. This height would only require a max ramp length of 10', or approximately 8'-4", for an existing condition which would not allow for a standard slope of 1:12. The only Issue with creating a ramp would be the raised portion of the sidewalk, which might actually be a sidewalk vault. If the raised portion Is a sidewalk vault, It could still be installed, but It would need to be engineered. Under New York City building code, you are allow to encroach Into city sidewalk up to 3'-6" for a handicap ramp without getting special permission. Depending on which direction the ramp Is design, the entry door might have to be redesign also. In terms of the restroom. The only way for a handicap restroom Is to Install a new ADA accessible restroom on the first floor.

In summary, based on the results of the site visit listed In this report, the forgoing are my opinions within a reasonable degree of architectural certainty regarding wheelchair accessibility access required, as per the ADA guideline issued by the department of Justice on September 15, 2010. No part of this report is based on the current building code for the City of New York. If additional Information Is made available, I reserve the right to amend my findings as needed.

Sincerely,

Billy Chen RA AIA

# BILLY CHEN RA

40-39 27th Street,
Long Island City, NY 11101
(917)774-8983: E-mail:Bchen@Bchen.com

## OBJECTIVE

-To further my career as an architect, while refining and expanding my current skills in becoming a well rounded project manager.

## SKILLS

-Experience in zoning analysis, calculation and building code
-Computer literate from hardware to networking
-Proficient in Autocad and knowledgeable of Revit.
-Experienced in corporate interior and new residential construction.
-Technically oriented in construction detailing
-Proficient in Mandarin

## PROFESSIONAL EXPERIENCE

*6/06 To 12/09* **MICHAEL AVRAMIDES ARCHITECT** New York, NY

***Project Manager/Construction Administrator***

- Worked in conjunction with the Principal on design solutions for various projects in the office.
- Conducted zoning analysis for potential new projects and review projects for building codes compliance
- Attended job site meetings and or clients meeting as required
- Managed the design staff and coordinated projects with various outside consultants
- Developed customize project specific construction and design details
- Reviewed all shop drawings and provided construction administration support when necessary.
- Worked on various residential projects ranging from 10,000 sq ft up to 250,000 sq ft.
  - Holland Ave, Bronx NY: 200,000 sq ft new residential construction, 102 units
  - Adams Place, Bronx NY: 50,000 sq ft new residential building, 28 units
  - Watkins Ave, Brooklyn NY: 100,000sq ft New townhouse, 56 units
  - La Casa De La Luna, Bronx NY: 278,000sq ft new residential building, 230 units

*4/05 To 6/06* **GREENBERGFARROW** New York, NY

***Project Architect***

- Coordinated drawings between in-house MEP staff and outside consultants.
- Worked directly with consultant and managed all required meetings.
- Developed drawing set from schematic design phase to construction documents phase, including project specific construction/design details.
- Attended construction site meeting/field analysis with General Contractor and Consultants.
- Participated in clients' meetings with the project managers.
- Review project specific zoning analysis and building codes.
- Reviewed red-marked drawings and oversaw interns' work, on various projects.
- Worked on mixed-use retail/office buildings ranging from 50,000 SF to 220,000 SF
  - Fordham Plaza, Bronx NY: 200,000 sq ft mixed use retail/office building with new addition.
  - Uniqlo Broadway, New York NY: 36,000 sq ft retail

*4/04 TO 3/05* **KARL FISCHER ARCHITECT, PLLC** New York, NY

***Project Architect***

- Coordinated between consultants and project manager/client representatives.
- Verify zoning analysis for projects being managed.
- Worked with expediters on DOB filing issues.
- Developed design drawings into construction documents and filing sets.
- Respond to clients needs and question in regards to their projects.
- Attended project meeting with Principal.
- Responsible for managing multiple residential projects from 10,000 SF to 75,000 SF
  - 71 Village Road, Brooklyn NY: 47,690 sq ft, New residential building, 42 units

*4/00 TO 4/04* **JANKO RASIC ARCHITECTS, P.C.** New York, NY

***Project Architect***

- Coordinated construction documents with the consulting Engineers.
- Worked with the expediters on DOB filing issues and paper work.
- Involved in all phases relating to the bidding process. From issuing bid packages to responding to RFI, and providing a detail spread break down/evaluation of all the incoming bids for a project.
- Provided construction administration of projects by attending weekly construction meeting and site visits as required.
- Reviewed shop drawings and change orders, for clients approval.
- Developed schematic design drawings into construction documents and DOB filing set.
- Developed project specific custom millwork details and construction details.
- Worked with clients on their design objective and issues during the build outs.
- Worked on various Corporate Interior build outs, including:
  - Practicing Law Institute, New York NY: 25,000sf office fit out, including new lecture hall and serving area
  - 501 7th Ave, New York NY: Lobby renovation, including a custom lighted wing ceiling.
  - 830 3rd Ave, New York, NY: Lobby vestibule renovation, with backlight signage.
  - Optima Fund Management, New York, NY: New office fit out.
  - 26-08 Jackson Ave, LIC NY: New 22,000 sq ft eleven story residential building

*3/99 TO 4/00* **KANEKO ARCHITECTS, P.C.** New York, NY

***Assistant to the Project Manager/Principal***

- Coordinated architectural drawings with the consulting engineers.
- Field survey existing site condition for new projects.
- Attended client meetings with Principal.
- Responded to clients' design needs and questions.
- Attended construction meeting and field visits to job site as required.
- Worked with building managers during construction phase.
- Developed new office/workstation fit outs for existing client space.
  - JETRO New York: 15,000sf corporate Interior build-out.

*8/98 TO 3/99* **BARBARA THAYER, P.C.** New York, N.Y.

***Drafter/IT***

- Helped manage a network of 18 computers and a Windows NT server
- Computer drafting, using Autocad and Microstation

*2/97 TO 7/97* **JMG ARCHITECT**

***Drafter***

- Managed construction documents for new and existing projects.
- Coordinated new projects with various consultants.
- Field survey existing condition for CAD input.
- Assisted the Project Manager

*2/95 TO 2/97* **STEPHEN B. JACOBS GROUP, ARCHITECT, P.C.** New York, NY

***Junior Designer***

- Junior designer, worked mainly with the Principal on the schematic/design phase of varies projects.
- Coordinated between the project managers and the design drawing.
- Developed 2dimensional plan sketches into 3dimensional presentation drawings.
- Field survey existing conditions for CAD input
- Worked on various projects, including:
  - Citibank 5th Ave at Rockefeller Center.
  - 121 Reade Street, New York NY: New 11 story residential building with 120 units
  - North Ferry Plaza, Edgewater NJ: New 14 story assisted living facility

## *EDUCATION*

**CITY COLLEGE OF NEW YORK (CUNY)**

Bachelor of Science in Architecture, Dec. 1994