UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
DINO ANTOLINI,

                                                          *Plaintiff*        **JOINT PRETRIAL ORDER**

                 – against –                       Case No.: 1:19-cv-05894

75 & 81 ORCHARD ASSOCIATES LLC,         **Hon. Lorna G. Schofield**
SASSAN MAHFAR, ERWIN SCHROTTNER,
ANDREW CHASE and GRAZ RESTAURANT,
LLC,

                                                      *Defendant(s)*
------------------------------------------------------------------X

Hon. Lorna G. Schofield, United States District Judge:

The parties having conferred, and the following statements, directions, and agreements are adopted as their Joint Pretrial Order:

a) <u>Full Caption of the Action</u>. The full caption of the action is as set forth above.

b) <u>Trial Counsel</u>

<u>For Plaintiff Dino Antolini</u>:

Stuart H. Finkelstein, Esq.
Finkelstein Law Group
338 Jericho Turnpike
Syosset, NY 11791
(718) 261-4900
Email: sf@finkelsteinlawgroup.com

<u>For Defendants Erwin Schrottner, Andrew Chase and Graz Restaurant, LLC</u>

Kenneth A. Novikoff, Esq.
Rivkin Radler LLP (Uniondale)
926 RXR Plaza
Uniondale, NY 11556
516-357-3000
Email: Ken.Novikoff@Rivkin.com

Tamika N. Hardy, Esq.
Rivkin Radler LLP (Uniondale
926 RXR Plaza
Uniondale, NY 11556
516-357-3000
Email: Tamika.Hardy@Rivkin.com

Keegan B. Sapp, Esq.
Rivkin Radler LLP (Uniondale)
926 RXR Plaza
Uniondale, NY 11556
516-357-3000
Email: Keegan.Sapp@Rivkin.com

<u>For Defendants 75 & 81 Orchard Associates LLC and Sassan Manfar</u>

Anthony Tomari, Esq.
Eustace, Prezioso & Yapchanyk
55 Water St.
Ste 28th Fl.
New York, NY 10041
212-612-4035
Email: atomari@eustacelaw.com

c) Statement of Jurisdiction

The Court has jurisdiction pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 *et. seq.*

d) A concise statement of the legal issues to be decided.

Plaintiff's position is that the legal issues to be adjudicated at trial are the violations of the Americans With Disabilities Act for injunctive relief up to the time of ADA compliance through repairs deemed by the Court, and Plaintiff's award of punitive and compensatory damages under the New York State Human Rights Law ("NYSHRL") New York State Executive Law § 296 et. seq., the New York City Human Rights Law ("NYCHRL") Administrative Code of the City of New York § 8-107 et. seq. as well as the statutory monetary penalties pursuant to the New York State Civil Rights Law § 40.

<u>Defendants</u>

1. The Plaintiff lacks standing to sue under Title III of the Americans with Disabilities Act. Plaintiff did not suffer and "injury in fact," that is both "concrete and particularized and "actual or imminent," when he purportedly visited the place of public accommodation and does not intend to return so that a decision in this case will redress the purported injury.

2. A determination as to whether the Plaintiff is disabled and/or requires the use of a wheelchair.

3. Plaintiff's claims are barred to the extent that the barrier removal Plaintiff seeks involve features of the location that were built before January 26, 1993 and were not "alterations" within the meaning of the ADA and/or they do not trigger an "alteration" legal standard, including because the modifications sought will be disproportionate in cost or cost in excess of 20% of the entire "alteration."

4. Plaintiff's claim are barred to the any barrier removal Plaintiff seeks under the ADA in facilities built before January 26, 1993 is not "readily achievable," or easily accomplished and able to be carried out without much difficulty or expense when taking into account the cost of removal and Defendant's financial resources.

e) Length of Trial

Defendants anticipate needing two days. The case is to be tried without a jury.

Plaintiff's position: three days for trial.

**Plaintiff's Witnesses**

1. Dino Antolini (Plaintiff)

Plaintiff will testify in person and will testify regarding the dangerous architectural barriers encountered at Café Katja, patronage of Café Katja as well as the emotional distress caused by the defendants.

2. Sassan Mahfar, an owner of the subject facility

Plaintiff expects that this witness will testify in person and this witness will be served with a Trial Subpoena to testify at trial. Plaintiff expects this witness to testify concerning his ownership, management, maintenance, policies, control and the finances of Café Katja as well as the design, construction and alterations of Café Katja.

3. Billy Chen, RA, Plaintiff's Expert

Defendants Erwin Schrottner, Andrew Chase and Graz Restaurant, LLC:

Andrew Chase, Defendant. Mr. Chase will provide testimony as to the accessibility and finances of the restaurant. Estimated time of testimony is between 1 – 2 hours.

Matthew Swan, MD (if need arises). Plaintiff's physical and mental condition. Estimated time of testimony is between 1 – 2 hours.

Defendants 75 & 81 Orchard Associates LLC and Sassan Manfar:

Jeanette Colaianni of SMA Equities. Ms. Colaianni will testify as to the ownership of the building and its history as relevant to the ADA claims of plaintiff. Estimated time of testimony is between 1 – 2 hours

f) Designation of Deposition Testimony

Not applicable.

**Plaintiff's Exhibits**

The following exhibit list is not intended to indicate that Plaintiff will seek to have any or all of the listed exhibits admitted as evidence at trial. The decision as to those exhibits that plaintiff will seek to introduce into evidence at trial will be made at the time of trial.

Plaintiffs exhibits shall be identified by numbers (e.g., Plaintiffs Exhibit 1, Plaintiffs Exhibit 2) and Defendant's Exhibits shall be identified by letters and either "T" or "L" ("T" pertaining to Erwin Schrottner, Andrew Chase and Graz Restaurant, LLC and "L" for Defendants 75 & 81 Orchard Associates LLC and Sassan Manfar) e.g., Defendant L's Exhibit A, Defendant's L's Exhibit B). If there is more than one Plaintiff or Defendant, the parties shall coordinate their designations so as to avoid duplication.

| Exhibit | Description | Objection |
|---|---|---|
| 1 | Plaintiff Expert Report | Relevancy, Fed. R. Evid. 401, and hearsay, Fed. R. Evid. 802. |
| 2 | Plaintiff's medical records | Relevancy, Fed. R. Evid. 401, and hearsay, Fed. R. Evid. 802. |
| 3 | Defendants proposal submitted to Plaintiff | Relevancy, Fed. R. Evid. 401 |
| 4 | Photos of subject facility | Relevancy, Fed. R. Evid. 401, and hearsay, Fed. R. Evid. 802. |
| L-A | Building I Card | |
| L-B | Deed | |

g) Objections to Exhibits[1]

Defendants object to all Plaintiff's exhibits as follows:

1. Plaintiff's Expert Report – Relevancy, Fed. R. Evid. 401 and hearsay, Fed. R. Evid. 802;
2. Plaintiff's medical records – Relevancy, Fed. R. Evid. 401 and hearsay, Fed. R. Evid. 802;
3. Defendants proposal submitted to Plaintiff – Relevancy, Fed. R. Evid. 401

---

[1] Defendants object to the introduction of any of Plaintiff's exhibits if said document was not identified in his Rule 26 Initial Disclosures.

4. Photos of subject facility – Relevancy, Fed. R. Evid. 401 and hearsay, Fed. R. Evid. 802.

h) <u>Written Discovery Responses</u>

Plaintiff: All responses received from defendants during discovery. Defendants object based on relevancy, Fed. R. Evid. 401 and hearsay, Fed. R. Evid. 802.

i) <u>Motion In Limine</u>

Pending motion In Limine filed by Erwin Schrottner, Andrew Chase and Graz Restaurant, LLC to exclude Plaintiff's proffered expert Billy Chen

j) <u>Stipulation of Facts Agreed to By All Parties</u>

1. Defendants Erwin Schrottner, Andrew Chase and Graz Restaurant, LLC leases the property located at 79 Orchard Street New York, New York 10002.

2. Defendant 75 & 81 Orchard Associates LLC leases the property located at 79 Orchard Street New York, New York 10002 to Graz Restaurant, LLC.

Plaintiff's Position: Plaintiff does not stipulate to defendants' number 2.

k) <u>Other Relief</u>

Plaintiff's Position: Injunctive Relief

Dated: Uniondale, New York
December 17, 2020

Rivkin Radler LLP

By: _____
Kenneth A. Novikoff, Esq.
Tamika N. Hardy, Esq.
Keegan B. Sapp, Esq.
926 RXR Plaza
Uniondale, New York 11556-0926
*Counsel to Defendant Erwin Schrottner, Andrew Chase and Graz Restaurant LLC*

Eustace, Epstein, Prezioso & Yapchanyk

By: _____
Anthony Tomari, Esq.
55 Water St.
Ste 28th Fl.
New York, NY 10041

*Counsel to 75 & 81 Orchard Asspcoates LLC and Sassan Mahfar*

Finkelstein Law Group, PLLC

By: /s/ Stuart H. Finkelstein
Stuart H. Finkelstein, Esq.
338 Jericho Turnpike
Syosset, NY 11791

*Counsel to Plaintiff Dino Antolini*

So-Ordered:

_____
Honorable Lorna G. Schofield